

**STEIN & NIEPORENT LLP**
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444 Main
(212) 836-9595 Fax
www.steinllp.com

David Stein: DSTEIN@STEINLLP.COM
(admitted in NY, NJ, PA, DC, IL)

David Nieporent: DNIEPORENT@STEINLLP.COM
(admitted in NY, NJ)

January 7, 2025

**VIA ECF**

Hon. Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY  10007

   **Re:** **Igartua v. Florisun LLC**
      *Case No. 24-cv-6569 (GHW) (SDA)*

Dear Judge Woods:

  I represent defendant Florisun LLC, in the above-referenced case, and I submit this letter in response to the Court's Order of January 4, 2025, requiring me to show cause why we should not be sanctioned for our part in the failure to timely file the joint pre-initial conference submission pursuant to the Court's order.

  Those submissions were finally filed, yesterday, belatedly. I apologize to the Court for wasting the Court's time due to our omission. As Your Honor may recall, a similar event happened once before in one of our cases before Your Honor, for an initial conference in about a year ago, and I am embarrassed that it has happened again.

  As before, it was not a deliberate attempt to flout the Court's Order. Rather, it involved an initial oversight: the Court's first order, requiring the submission by December 31, was issued on September 3. I did not enter my appearance in the matter until September 29, however. Of course I know my obligation to review the docket when I file an appearance, and my standard practice is to do just that. Indeed, my records reflect that I had immediately calendared that the initial pretrial conference was set for January 7. However, I apparently neglected to enter onto the calendar the December 31 deadline to submit the joint pretrial letter and proposed case management plan. I do not know why that happened, and I have no excuse other than carelessness; I am obviously familiar with Your Honor's practices and am aware that such submissions are always required. Having failed to calendar that date, however, I did not realize that I needed to reach out to plaintiff's counsel to prompt him to prepare the necessary documents, and I did not receive any communication from plaintiff's counsel that would have prompted me to remember.

  With respect to Your Honor's second deadline, of this past Friday, I had calendared it, and knew that it needed to be submitted. However, in my rush to get home on Friday afternoon — my Fridays are very short this time of year for religious reasons — I failed to

Hon. Gregory H. Woods, U.S.D.J.
January 7, 2025
Page 2 of 2

realize that plaintiff's counsel had not yet sent over the appropriate drafts to me. Again, I recognize that I should have been more on top of plaintiff's counsel to ensure that our submission would be timely.

As noted above, this was not a deliberate attempt to flout the orders, nor was it an attempt at gamesmanship to gain an advantage over plaintiff's counsel. Instead, it was just carelessness. As Your Honor is aware, we handle a lot of cases of this nature, and we have a good working relationship with most of the plaintiffs' attorneys who handle these matters, so — since the earlier case where this occurred — we have gotten into a routine so this would not happen again. However, we have only worked with Mr. Norinsberg on a handful of cases ever, and so we do not yet have an understanding with him about how to collaborate to ensure that joint submissions are prepared. Of course, I recognize that this is not a good excuse, and I can only pledge to continue to improve our efforts.

We would respectfully suggest that this inadvertent transgression — although it unfortunately wasted the Court's time — does not warrant sanctions. However, if Your Honor does feel the need to convey the seriousness of the matter, a $250 fine would not be unreasonable.

We thank the Court for its attention to this matter. We are available at Your Honor's convenience if the Court has any questions regarding the foregoing.

Respectfully submitted,

David Stein

cc: Jon L. Norinsberg, Esq. (via ECF)